# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MAGALIE C. INNOCENT,      :
FRITZ INNOCENT, JR.,       :
                            :
      Plaintiffs,         :
                            :    CIVIL ACTION NO.
v.                          :    1:10-CV-03799-RWS
                            :
WACHOVIA MORTGAGE     :
CORPORATION,           :
                            :
      Defendant.       :
                            :
                            :

## ORDER

This case comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [9]. After a review of the record, the Court enters the following Order.

### Background

This case arises out of Defendant Wachovia Mortgage Corporation's foreclosure of Plaintiffs Magalie and Fritz Innocent's home, located at 2506 Lenox Road, Conyers, Georgia 30094. Accepting the allegations of the Amended Complaint [8] as true, the facts are as follows.

On April 16, 2007, Plaintiffs executed a promissory note in favor of Defendant for a construction loan. Am. Compl., Dkt. [8] ¶ 2. The note was secured by a security deed to Plaintiffs' property, also in favor of Defendant. Id. ¶ 3. An addendum to the note provided that Plaintiffs would make interest-only payments during the construction phase of the loan, and that the loan would convert to permanent financing if Plaintiffs satisfied the conversion requirements under the agreement before April 2008. Id. ¶¶ 3-7, 9, 10. The agreement also specified that, if Plaintiffs failed to meet the conversion requirements by April 2008, the note would go into default and Defendant would accelerate the balance of the loan. Id. ¶ 9.

In January 2008, Plaintiffs satisfied the conversion requirements, notified Defendant of the same, and requested that the construction loan be converted to permanent financing as agreed. Id. ¶¶ 8, 12, 13. Defendant, however, refused to convert the loan and accelerated Plaintiffs' debt in April 2008. Id. ¶¶ 14, 16. Plaintiffs did not pay the remaining balance, and Defendant conducted a nonjudicial foreclosure sale on September 2, 2008. Id. ¶ 19. Defendant did not send Plaintiffs a notice of the foreclosure sale beforehand. Id. ¶¶ 20, 32.

On July 14, 2010, Plaintiffs filed their initial Complaint [1-1] against Defendant in the Superior Court of Rockdale County, Georgia. Defendant

timely removed to this Court on November 18, 2010 and filed a Motion to

Dismiss or, in the Alternative, Motion for a More Definite Statement [3].  The

Motions were referred to Magistrate Judge Brill, who issued an Order [7]

denying Defendant's Motion to Dismiss and granting Defendant's Motion for a

More Definite Statement.  Plaintiffs filed their Amended Complaint [8] on

March 31, 2011, asserting claims for breach of contract and wrongful

foreclosure.  Plaintiffs additionally request the Court to set aside the foreclosure

sale and to void or cancel the deed under power.  Defendant now moves to

dismiss Plaintiffs' Amended Complaint.  The Court considers Defendant's

Motion below.

### Discussion

Defendant moves to dismiss the Amended Complaint on the grounds that

it is an impermissible shotgun pleading and that it fails to state a claim upon

which relief can be granted.

## I.    Shotgun Pleading

Defendant argues that the Amended Complaint constitutes an

impermissible shotgun pleading that fails to comply with the pleading

requirements of the Federal Rules of Civil Procedure.  The typical shotgun

pleading is one that "contains several counts, each one incorporating by

reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions." Osahar v. U.S. Postal Service, 297 F. App'x 863, 864 (11th Cir. 2008). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted). The Eleventh Circuit thus has established that shotgun pleading is an unacceptable form of establishing a claim for relief. Strategic Income Fund, 305 F.3d at 1296.

The Court finds that Plaintiffs' Amended Complaint is not a shotgun pleading. The Amended Complaint does not contain several counts but rather two causes of action and two requests for equitable relief. The allegations are

AO 72A
(Rev.8/82)

neither rambling nor incomprehensible. Thus, Plaintiffs' Amended Complaint is not subject to dismissal as a shotgun pleading.

## II. Failure to State a Claim

Defendant also moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. When considering a 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

AO 72A
(Rev.8/82)

would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule

with the "plausibility standard," which requires that factual allegations "raise

the right to relief above the speculative level."  Id. at 556.  The plausibility

standard "does not[, however,] impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence [supporting the claim]."  Id.

A.    Breach of Contract

Defendant argues that Plaintiffs have failed to state a claim for breach of

contract because they did not attach the contract to the Amended Complaint,

cite or describe the specific contractual provision allegedly breached, or identify

which document evidenced the contract at issue.  Dkt. [9] at 8.  At the pleading

stage, however, a complainant is not required to attach the written agreement or

to quote the allegedly breached provision verbatim.  See Brenner v. Future

Graphics, LLC, No. 1:06-CV-0362-CAP, 2006 WL 6306540, at *5 (N.D. Ga.

Nov. 14, 2006) (holding that plaintiff asserting breach of contract need not

attach contract to complaint to survive motion to dismiss).

"Under Georgia law, a plaintiff states a claim for breach of contract when

he alleges: (1) the parties had a contract, (2) which the defendant breached, and

6

(3) the plaintiff suffered damages." <u>Brenner</u>, 2006 WL 6306540, at *4. In the present case, Plaintiffs have alleged that they contracted with Defendant to receive construction-to-permanent financing for their home. Am. Compl., Dkt. [8] ¶¶ 3, 4. The contract allegedly provided that "if Borrower meets all the note holder's requirements, the loan will convert for [sic] the construction phase to the permanent phase." <u>Id.</u> ¶ 5. Plaintiffs have also alleged that they made all the necessary payments and "complied with all of the conversion requirements." <u>Id.</u> ¶¶ 8, 12. Finally, Plaintiffs have alleged that Defendant "refused to convert the Plaintiff's [sic] loan to the permanent phase" and that Plaintiffs suffered compensatory damages in an amount to be proven at trial. <u>Id.</u> ¶¶ 14, 37. Accepting Plaintiffs' allegations as true, the Court finds that Plaintiffs have stated a claim for breach of contract.

B.    <u>Wrongful Foreclosure</u>

Defendant argues that Plaintiffs have failed to state a claim for wrongful foreclosure because the Amended Complaint alleges insufficient facts to establish a violation of Georgia's foreclosure statutes. Dkt. [9] at 11. "In Georgia, a plaintiff asserting a claim for wrongful foreclosure must establish a legal duty owed to plaintiff by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages."

AO 72A
(Rev.8/82)

<u>Kabir v. Statebridge Co.</u>, No. 1:11-CV-2747-WSD, 2011 WL 4500050, at *3 (N.D. Ga. Sept. 27, 2011) (citing <u>All Fleet Refinishing, Inc. v. W. Ga. Nat. Bank</u>, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006)).

In the present case, Plaintiffs have alleged that Defendant did not give them notice of the foreclosure sale and that they suffered damages as a result. Am. Compl., Dkt. [8] ¶¶ 20, 32, 33. Georgia law requires a secured creditor to provide the debtor with written notice of the scheduled foreclosure sale at least thirty days in advance. O.C.G.A. § 44-14-162.2 (2011). "Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with O.C.G.A. § 44-14-162 <u>et seq.</u>, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." <u>Roylston v. Bank of Am., N.A.</u>, 660 S.E.2d 412, 417 (Ga. Ct. App. 2008). Accepting Plaintiffs' allegations as true, the Court finds that Plaintiffs have sufficiently stated a claim for wrongful foreclosure.

C.    <u>Claims for Equitable Relief</u>

Relying on the foregoing causes of action, Plaintiffs request the Court to set aside the foreclosure sale and to void or cancel Defendant's deed under power. Am. Compl., Dkt. [8] ¶¶ 21-26. Because these remedies are dependent upon the viability of Plaintiffs' breach of contract and wrongful foreclosure

AO 72A
(Rev.8/82)

actions, neither request for equitable relief is subject to dismissal at this time.

See Stimus v. CitiMortgage, Inc., No. 5:10-CV-435(MTT), 2011 WL 2610391,

at *5 (M.D. Ga. July 1, 2011) (refusing to dismiss request to set aside

foreclosure sale after holding that breach of contract and wrongful foreclosure

claims survived defendant's motion to dismiss).

### Conclusion

Based on the foregoing, Defendant's Motion to Dismiss Plaintiffs'

Amended Complaint [9] is hereby **DENIED**.


**SO ORDERED**, this __22nd__ day of February, 2012.



RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)